**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **IN RE APPLICATION OF CABLE NEWS NETWORK, INC. TO UNSEAL COURT RECORDS** | Misc. Action No. ________<br>Related Case No. 1:25-mc-00170 |

---

# MEMORANDUM OF LAW IN SUPPORT OF APPLICATION OF CABLE NEWS NETWORK, INC TO UNSEAL COURT RECORDS

Frank D. LoMonte [GA 456505]
frank.lomonte@cnn.com
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTUAL AND PROCEDURAL BACKGROUND ........ 2

ARGUMENT ........ 5

I. The Government's Sealed Filings Are Fatally Noncompliant with Mandatory Threshold Requirements of the District's Local Rule ........ 5

II. The Balance of Interests Strongly Favors Full or Partial Unsealing........ 7

A. The First Amendment Right of Access Should Attach to the Withheld Materials ........ 7

B. The *Hubbard* Factors Point Strongly in Favor of Full or Partial Public Access ........ 10

CONCLUSION ........ 14

CERTIFICATE OF SERVICE ........ 16

## TABLE OF AUTHORITIES

**Cases**

*In re Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121 (D.C. Cir. 2020) .......... 7, 10

*In re Application of N.Y. Times Co.*, 585 F. Supp. 2d 83 (D.D.C. 2008) .......... 9-10

*In re Application of Penn Live*, No. 1:22-mc-00756, 2024 WL 2154383 (M.D. Pa. Jan. 19, 2024) .......... 7

*In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302 (7th Cir. 1984) .......... 8

*Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014) .......... 8

*Dhiab v. Trump*, 852 F. 3d 1087 (D.C. Cir. 2017) .......... 8

*In re Iowa Freedom of Info. Council*, 724 F.2d 658 (8th Cir. 1983) .......... 8

*In re L.A. Times Comm. LLC*, 28 F.4th 292 (D.C. Cir. 2022) .......... 11, 13

*Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539 (1976) .......... 7

*N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286 (2d Cir. 2012) .......... 8

*Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983) .......... 8

*Nixon v. Warner Comm., Inc.*, 435 U.S. 589 (1978) .......... 10

*Press-Enter. Co. v. Superior Court*, 464 U.S. 501 (1984) .......... 9

*Press-Enter. Co. v. Superior Court*, 478 U.S. 1 (1986) .......... 8

*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984) .......... 8

*Richman v. United States*, 350 F.R.D. 401 (D.D.C. 2025) .......... 4

*Richman v. United States*, No. 25-0170, 2025 WL 3718712 (D.D.C. Dec. 23, 2025) .......... 4

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) .......... 8

*Rosenfeld v. Montgomery County Public Schools*, 25 Fed.Appx. 123 (4th Cir. 2001) .......... 8

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) .......... 8

*In re Search of Once Device and Two Individuals Under Rule 41*, 784 F.Supp.3d 234 (D.D.C. 2025) .......... 12-13

*In re Tribune Co.*, 784 F.2d 1518 (11th Cir. 1986) .......... 8

*United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71 (D.D.C. 2020) .......... 14

*United States v. Comey*, 809 F.Supp.3d 396 (E.D. Va. 2025) .......... 3

*United States v. Comey*, 810 F.Supp.3d 768 (E.D. Va. 2025) .......... 3

*United States v. El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997) .......... 14

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) .......... 10-14

*Washington Legal Found. v. United States Sentencing Comm'n*, 89 F.3d 897 (D.C. Cir. 1996) .......... 10

*Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991) .......... 6

**Rules**

Local Civil R. 5.1(h) .......... 2, 5, 7

**Other Authorities**

AC360, *Comey adviser: He opted for transparency* (CNN, Nov. 2, 2016) .......... 12

Natalia Bittelstadt, *Blanche dodges question on whether he asked diGenova to resign from Trump conspiracy probe*, WJLA ABC 7 NEWS (Sept. 15, 2025) .......... 13

Columbia Law School, *James Comey in Conversation with Prof. Daniel Richman* (YouTube, Feb. 26, 2020) .......... 12

Adam Goldman, *Justice Dept. Investigating Years-Old Leaks and Appears Focused on Comey*, N.Y. TIMES (Jan. 16, 2020) .......... 13

Alex Griffing, *Trump Orders DOJ To Investigate Prominent Critic in Shocking Oval Office Remarks: 'I Think He's Guilty of Treason,'* MEDIAITE (Apr. 9, 2025) .......... 11

Katelyn Polantz, *Investigation into Trump foes to continue without lead prosecutor, Blanche says*, CNN.com (Sept. 15, 2026) .......... 5

Hannah Rabinowitz & Evan Perez, *Justice Department issues subpoena to Comey ally in new leak investigation*, CNN.COM (Aug. 31, 2026) .......... 4

Khaleda Rahman, *Trump Calls on Pam Bondi To Take Action Against Opponents 'Now,'* NEWSWEEK (Sept. 21, 2025) .......... 11

## INTRODUCTION

It has been almost a year since this Court ruled that the Government illegally searched Daniel Richman's files and ordered their return, seemingly ending any live dispute. Nonetheless, the Government continues without explanation to file sealed documents in this seemingly dormant docket, months after the Court disposed of the *Richman* case on its merits. The public is entitled to know what is going on.

Courts across the country, including this one, have questioned whether the Department of Justice ("DOJ") is using its prosecutorial discretion judiciously, or has become an instrument of vengeance, targeting political enemies for selective prosecution. The presence of unexplained, secretive filings in this case – a case in which the Court has already questioned whether the DOJ is acting in good faith – frustrates the public's ability to exercise oversight and hold the DOJ accountable for how it uses its considerable authority. Court after court, including this one, has recognized for decades that the public has a right to inspect court filings, and that sealing a court record entirely is a drastic and disfavored step requiring a compelling justification. No such justification can be gleaned from the mysterious docket entries here. There is no indication that the Government furnished any justification at all – much less a compelling one – before making multiple sealed filings.

For these reasons, Cable News Network, Inc. ("CNN") petitions this Court for an order unsealing certain judicial records in the related case of *Richman v. United States of America*, Case No. 25-mc-170 (D.D.C.) (Kollar-Kotelly, J.) (the "Richman case"). In conjunction with this filing, counsel is also furnishing notice of the related case, and serving counsel designated for service in the *Richman* docket.

Specifically, CNN seeks an order unsealing the following docket entries (collectively, the "Sealed Materials"):

(1) Docket Entry 49, a sealed motion by the United States, filed January 26, 2026.

(2) Docket Entry 54, a sealed motion filed by the United States including an attached and proposed order text, filed May 20, 2026;

(3) Sealed Docket Entry 55 (no description provided);

(4) Docket Entry 56, a sealed document filed by the United States, filed May 22, 2026;

(5) Sealed Docket Entry 57 (no description provided); and

(6) Docket Entry 58, a sealed document filed by the United States, filed June 18, 2026.

These six docket entries are sealed in their entirety. No redacted versions appear on the public docket, and there is no indication of a motion to seal filed in connection with any of them, contrary to the requirements of Local Civil Rule 5.1(h)(1).

CNN seeks an order either unsealing the Sealed Materials in their entirety or, in the alternative, directing the filing of redacted versions that shield only the narrowest range of legitimately privileged information.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The *Richman case* centers on property seized from Daniel Richman, a Columbia Law School professor and close associate of former FBI Director James Comey. The core proceedings in the *Richman* case were largely public. Redacted motions from the parties and judicial opinions were made available on the Court's PACER system. Publicly accessible filings in the case indicate

[1] In compliance with Local Civil Rule 7(m), the undersigned counsel for CNN has conferred with counsel of record for parties in the related *Richman* case, Mr. Richman and the Department of Justice ("DOJ"). Mr. Richman's counsel indicated that they do not presently have a position on CNN's motion pending an opportunity to review the documents at issue, while counsel for DOJ indicated that the Government will oppose the motion.

that the property consists of the contents of Mr. Richman's personal computer, his university e-mail account, and his iCloud storage account.

This Court has previously acknowledged the connection of the *Richman* case to criminal investigations of former FBI Director James Comey, including the prosecution in *United States v. Comey*, Case No. 1:25-cr-272 (E.D. Va.), arising from a September 2025 criminal indictment in the United States District Court for the Eastern District of Virginia. Mr. Richman served for about 20 months as a "special government employee" advising Mr. Comey at the FBI, and subsequently became Mr. Comey's legal counsel following Mr. Comey's removal by President Donald Trump. Both men remain high-profile critics and targets of the current administration, and Mr. Comey has twice been indicted by the DOJ during the second Trump administration, though the first of those – the afore-cited Eastern District of Virginia matter – was dismissed. *United States v. Comey*, 810 F.Supp.3d 768 (E.D. Va. 2025).

In the course of the Comey prosecution, the handling of the *Richman* documents drew sharp judicial scrutiny. On November 17, 2025, Magistrate Judge William E. Fitzpatrick of the Eastern District of Virginia found that the DOJ's handling of the *Richman* documents for use in the *Comey* case demonstrated a "cavalier attitude towards a basic tenet of the Fourth Amendment and multiple court orders" that permitted "the government unchecked to rummage through all of the information seized from Mr. Richman, and apparently, in the government's eyes, to do so again anytime they chose." *United States v. Comey*, 809 F.Supp.3d 396, 406 (E.D. Va. 2025). That court found such troubling irregularities in the DOJ's conduct, implicating questions about the integrity of the grand jury process that produced the indictment – including "fundamental misstatements of the law" made to the jury, *id.* at 409 – that it took the extraordinary step of ordering disclosure of grand jury materials normally held in tight confidence.

On December 12, 2025, this Court issued a memorandum opinion finding even more pointedly that "the Government's retention and use of [Mr. Richman's] files has violated his Fourth Amendment rights." *Richman v. United States*, 350 F.R.D. 401, 404 (D.D.C. 2025) This Court also found that "the Government ... has not been forthcoming with respect to information seized from those warrants" used to collect the *Richman* materials. *Id.* at 413.

The *Richman* case has concluded on its merits as a result of the Court's December 23, 2025 opinion largely granting Mr. Richman the relief he sought. *Richman v. United States*, No. 25-0170, 2025 WL 3718712 (D.D.C. Dec. 23, 2025). However, the DOJ has continued to file materials in the completed case under seal. The six Sealed Materials at issue — Docket Entries 49 and 54 through 58 — were all filed between January 26 and June 18, 2026, after the Court's final order resolving Mr. Richman's petition. Their timing signals that they may mark new and unique requests by the Government, potentially involving the use of the *Richman* materials in a different context.

The Justice Department's continued interest in the *Richman* materials is corroborated by recent public reporting. CNN reported on August 31, 2026, that a grand jury testimonial subpoena was issued to Mr. Richman in an ongoing criminal investigation pending in the United States District Court for the Southern District of Florida. *See* Hannah Rabinowitz & Evan Perez, *Justice Department issues subpoena to Comey ally in new leak investigation,* CNN.COM (Aug. 31, 2026). That investigation, according to news reports and statements by prosecutors, touches upon the 2016 and 2017 work of Mr. Comey and the FBI — conduct squarely captured in the *Richman* materials.

Senior Justice Department officials have made extensive public comments on the investigation. At a White House Rose Garden press conference in September 2026, a reporter

asked Attorney General Todd Blanche about the Florida-based investigation; the Attorney General responded that it would "continue" and that the Department was "not going to slow down." *See* Katelyn Polantz, *Investigation into Trump foes to continue without lead prosecutor, Blanche says*, CNN.COM (Sept. 15, 2026). These public disclosures confirm that any interest in secrecy does not outweigh, and indeed is inconsistent with, the public's right of access to the underlying court filings.

There is no indication in the docket that the Sealed Materials were accompanied by a motion to seal when filed, in apparent violation of Local Civil Rule 5.1(h)(1), which provides: "A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal."

On September 17, Ms. Polantz submitted a letter brief requesting that the Court unseal the above-referenced docket entries. In response, the Court issued an order on September 22, 2026, dismissing the filing without prejudice on the grounds that, under the District's internal operating procedures, the proper vehicle for a news media motion to unseal is to initiate a new miscellaneous docket. This motion responds to the Court's instructions.

## ARGUMENT

### I. The Government's Sealed Filings Are Fatally Noncompliant with Mandatory Threshold Requirements of the District's Local Rules

Because of the strong presumption in favor of openness in judicial proceedings – a presumption that is of constitutional significance – the Federal Rules of Civil Procedure and corresponding Local Rules require rigorous safeguards before the public can be denied access to court records. Specifically, Local Rule 5.1(h) provides:

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.

There is no indication that the Government followed any of the requisite procedures before filing the materials at issue under seal. Neither a motion to seal nor an order ruling on such motion appears on the docket.

A putatively sealed filing triggers a process entitling interested third parties, such as Petitioner CNN, notice of the nature of what is being sealed and an opportunity to contest the sealing. In *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991), the D.C. Circuit set forth a series of procedural prerequisites that must be satisfied before a motion to seal may be granted: (1) the moving party must file a written motion to seal and notice of that motion must be entered in the public docket; (2) the trial court must promptly allow interested persons an opportunity to be heard before ruling on the motion and entering the sealing order; (3) the trial court must articulate specific findings on the record demonstrating that the decision to seal is narrowly tailored and essential to preserve a compelling interest; and (4) the trial court must place the fact that it has sealed the record on the public docket. There is no indication that any of the *Robinson* formalities were followed here.

Conceivably, some of the Sealed Materials are briefs and orders addressing the DOJ's request to seal. But sealing a court order is strongly disfavored, and requires an especially compelling justification that would appear quite hard to establish based on the known facts of this case, in which only one disputed document has been identified as potentially classified. "There is no doubt that … court orders themselves are judicial records. Court decisions are the quintessential business of the public's institutions. … And the issuance of public opinions is core to the

transparency of the court's decisionmaking process." *In re Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (internal quotes and citation omitted). And the briefs on a motion to seal are recognized to be judicial records to which a right of public access applies. *In re Application of Penn Live*, No. 1:22-mc-00756, 2024 WL 2154383 (M.D. Pa. Jan. 19, 2024) at *4, *aff'd in relevant part*, 2024 WL 1619278 (M.D. Pa. Apr. 15, 2024).

Because the Local Rules do not appear to have been followed in docketing the Materials as sealed, Petitioner is entitled to the requested relief. By the express terms of Rule 5.1, the DOJ's apparent failure to file a motion to seal results in the document becoming a public record. At a minimum, if unlisted docket entries 55 and 57 are court orders granting sealing, Petitioner is entitled to inspect those filings – with whatever minimal redactions, if any, may be necessary to protect privileged matters – to be in a position to assess whether legal grounds exist to challenge the process by which sealing was granted.

## II. The Balance of Interests Strongly Favors Full or Partial Unsealing

### A. The First Amendment Right of Access Should Attach to the Withheld Materials

The news media performs a civically essential function in our justice system, serving as the public's eyes and ears to exercise independent oversight over whether judicial functions – and the conduct of the Government as a party – are performed fairly and honestly. As the Supreme Court has recognized, "free and robust reporting, criticism, and debate can contribute to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system, as well as improve the quality of that system by subjecting it to the cleansing effects of exposure and public accountability." *Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539, 587 (1976). Accordingly, it is well-accepted that a news organization such as CNN has standing to oppose the

sealing of court records, or challenge a prior decision to seal, even if not a party to the underlying case. *Rosenfeld v. Montgomery County Public Schools*, 25 Fed.Appx. 123, 131 (4th Cir. 2001); *In re Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986).

The First Amendment provides a presumptive right of public access to criminal trials and other criminal proceedings. *See Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980); see *also* LCrR 17.2(a) ("Unless otherwise provided by law or by this Rule, all criminal proceedings, including preliminary examinations and hearings on pretrial motions, shall be held in open court and shall be available for attendance and observation by the public."). The First Amendment right extends to records as well as proceedings. *See Press-Enterprise II, supra*, at 123-15 (extending right to attend criminal trials and hearings to also cover access to transcripts of those hearings, and applying the same First Amendment analysis). As Judge Rogers has observed, "Every circuit to consider the issue has concluded that the qualified First Amendment right of public access applies to civil as well as criminal proceedings. *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983)." *Dhiab v. Trump*, 852 F. 3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring).

Once the First Amendment right is found to apply, there is a strong presumption in favor of public access. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to

serve that interest." *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). Sealing is subject to a rigorous analysis akin to strict scrutiny: The proponent must show that closure is "necessitated by a compelling government interest" and is "narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir.1986) (quoting *Press-Enterprise I*, 463 U.S. at 510) (internal quotation marks omitted)).

Although the *Richman* docket in this court is nominally a civil case – Mr. Richman's attempt to recover property seized in connection with a criminal investigation – it is inextricably intertwined with both past and future criminal prosecutions. The government states as much in its own filings, arguing that the Materials should not be returned or destroyed because they may be used in a future criminal prosecution. *See Richman v. United States*, Case No. 1:25-mc-00170, Motion to Dissolve Temporary Restraining Order (Dec. 9, 2025) (repeatedly characterizing Mr. Richman's motion for return of his property as a backdoor attempt to suppress evidence in a related criminal investigation of Mr. Comey). Accordingly, the considerations that mitigate in favor of the First Amendment right of access – *i.e.*, the public's ability to keep watch over how criminal cases are adjudicated – apply to these "criminal-adjacent" materials as well.

Assuming the First Amendment right does attach to at least some of the Sealed Materials, the DOJ would be hard-pressed to show that total concealment is a narrowly tailored remedy to whatever confidentiality concerns it may assert. *See In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F.Supp.2d 83, 91 (D.D.C. 2008) (finding that, even though the Government established a compelling interest in keeping names of informants out of the public court record, "that interest can be accomplished by simply redacting the identity and personal identifiers of the informants" rather than wholesale sealing). The DOJ should be made to

justify – on the record – why sealing and not redaction is the most narrowly tailored remedy as to the Sealed Materials here.

**B. The *Hubbard* Factors Point Strongly in Favor of Full or Partial Public Access**

Apart from the First Amendment right of access to judicial records, there is a strong presumption in favor of access at common law. *Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 597 (1978). "The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife v. Financial Stability Oversight Council*, 865 F. 3d 661, 662 (D.C. Cir. 2017). The right of access "reflects the antipathy of a democratic country to the notion of 'secret law,' inaccessible to those who are governed by that law." *Application of Leopold*, 964 F.2d at 1127.

The right of access attaches broadly to documents filed with a court, including materials filed in miscellaneous proceedings such as search warrant and related matters. *Application of N.Y. Times,* 585 F. Supp. 2d at 88-90. To overcome that presumption, the party seeking continued sealing must demonstrate that competing interests outweigh the public's right of access. *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). The public should be granted access to a court record unless the "government's interest in keeping the document secret" is shown to outweigh "the public's interest in disclosure." *Washington Legal Found. v. United States Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996).

In assessing whether to maintain or lift a seal, courts in this Circuit apply the multi-factor balancing test articulated in *Hubbard*, examining: (1) the need for public access to the documents; (2) the extent of prior public access; (3) the fact that objection was or was not made; (4) the strength of the property and privacy interests at stake; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *Hubbard*, 650 F.2d at

317–22; *see also In re L.A. Times Comm. LLC*, 28 F.4th 292, 297–98 (D.C. Cir. 2022). Each of these factors favors disclosure here.

First, the public need for access to the Sealed Materials is substantial. The *Richman* case involves the Government's use of materials seized from a private citizen's electronic devices — conduct this Court has already found to be constitutionally infirm. Any subsequent use of, or action regarding, those materials by the Justice Department carries exceptional public significance. Oversight over the workings of the criminal justice system is so fundamental to a well-functioning democracy that the public's right of access is recognized as being of constitutional dimension. This is doubly so when a court case implicates questions regarding the integrity of how prosecutorial authority is being used, in an environment where the DOJ is under persistent White House pressure to initiate cases against the President's perceived political enemies. *See* Khaleda Rahman, *Trump Calls on Pam Bondi To Take Action Against Opponents 'Now,'* NEWSWEEK (Sept. 21, 2025); Alex Griffing, *Trump Orders DOJ To Investigate Prominent Critic in Shocking Oval Office Remarks: 'I Think He's Guilty of Treason,'* MEDIAITE (Apr. 9, 2025). Whether the DOJ is using its authority properly – a matter that has been called into question in the course of the *Richman* case itself – is a matter of obvious public interest and concern. Wholesale sealing frustrates the public's ability to exercise informed oversight.

Second, the core proceedings in the *Richman* case were previously accessible to the public, at the courthouse and on PACER, either wholly or in redacted form, and remain so to this day. The complete and unexplained sealing of post-decisional filings – without any of the formalities that would be expected to accompany a request to seal – represents a departure from the prior practice of public access in this matter, which weighs in favor of restoring access.

The third *Hubbard* factor will depend on the response of the *Richman* parties. But assuming the Government does take the position that continued sealing is warranted, that position is to be expected, since it is the original proponent of sealing, and has the advantage over Petitioner of actually knowing the nature and contents of the Materials. *See In re Search of Once Device and Two Individuals Under Rule 41*, 784 F.Supp.3d 234, 246 (D.D.C. 2025) (stating that Government opposition "only 'slightly' pushes the scales toward sealing" and that the more important factor is whether third parties assert privacy interests that can be protected only by sealing).

As to the fourth factor, there are minimal apparent privacy interests at stake, and whatever interests may exist can be amply satisfied by redaction rather than withholding. Mr. Richman – the individual with the greatest apparent privacy stake in the matter – has spoken openly about the Government's pursuit of himself and Mr. Comey, including granting news media interviews,[2] and participating in an hour-long livestreamed discussion with Mr. Comey at Columbia Law School.[3] Petitioner's interest is not in the contents of any of Mr. Richman's personal communications that might incidentally be referenced in a court filing or any attorney-client privileged materials, but rather, in the conduct of the DOJ and why it continues invoking the authority of this Court after the *Richman* case gave every outward indication of having concluded.

Petitioner anticipates that the Government will rely on the fifth *Hubbard* factor – the risk of prejudice to those opposing unsealing – because of the ongoing and potential future prosecutions of Mr. Comey. The rejoinder is self-evident. The FBI and DOJ have been investigating the subject matter of the related case – Mr. Richman's communications with Mr. Comey – for nearly seven

---

[2] AC360, *Comey adviser: He opted for transparency* (CNN, Nov. 2, 2016), https://www.cnn.com/videos/politics/2016/11/03/daniel-richman-comey-fbi-cooper-ac-intv.cnn.
[3] COLUMBIA LAW SCHOOL, *James Comey in Conversation with Prof. Daniel Richman* (YouTube, Feb. 26, 2020), https://www.youtube.com/watch?v=3OX9UyXrEHg&t=17s.

years. *See* Adam Goldman, *Justice Dept. Investigating Years-Old Leaks and Appears Focused on Comey*, N.Y. TIMES (Jan. 16, 2020), and has indicted Mr. Comey twice already. This is unlike the familiar investigative scenario, in which sealing might be justified to avoid tipping off a target that he is under investigation. There will be no "sneaking up on" Mr. Comey or his associates. In addition to extensive news media coverage – and mention in publicly available documents in the related *Richman* docket – the Government's plans to pursue a case against Mr. Comey in the Southern District of Florida have been publicly acknowledged by senior DOJ leadership. Having voluntarily disclosed the existence and continued vigor of the investigation — including at a nationally covered White House press conference[4] — the Government cannot credibly maintain that unsealing the relevant court filings would cause material harm to its investigative interests. Nor is there any legitimate concern that disclosure of the Sealed Materials might lead to the destruction of evidence, since the DOJ already has had access for years to Mr. Richman's entire "digital life" and has been directed by this Court to place a copy on file with the Eastern District of Virginia, assuring its preservation.

Even assuming some interest in protecting ongoing investigative details, that interest counsels for narrow, targeted redactions — not wholesale sealing. *In re L.A. Times Comm. LLC*, 28 F.4th at 300 (noting that the preferred remedy is the least restrictive means necessary to protect any legitimate governmental interest in confidentiality); *see also One Device and Two Individuals*, 784 F.Supp.3d at 244 ("[R]edactions check any harm to the investigation. Redactions conceal sensitive facts and sources/methods used in an investigation."). Petitioner is prepared to accept the

---

[4] Natalia Bittelstadt, *Blanche dodges question on whether he asked diGenova to resign from Trump conspiracy probe*, WJLA ABC 7 NEWS (Sept. 15, 2025), https://wjla.com/news/nation-world/blanche-dodges-question-on-whether-he-asked-digenova-to-resign-from-trump-conspiracy-probe-doj-white-house-press-briefing-rose-garden-john-brennan.

materials with minimal redactions if the Court concludes that full disclosure would significantly compromise legally protected interests, and that no remedy short of redaction will suffice.

It is challenging to assess the strength of the sixth *Hubbard* factor because so little about the Sealed Materials appears on the docket – which itself points in favor of selective redaction, not wholesale sealing, so the public can at least be informed about the purpose for which the filings were made. Assuming that at least some of the filings are an attempt to invoke the authority of the Court to do something, the sixth factor points decidedly in favor of unsealing. "Generally, there is a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020). The common law strongly presumes a public right of access to court documents involved in the "adjudicatory process." *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("What makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."). Conceivably, "missing" docket entries 55 and 57 may be the DOJ's briefing papers in support of sealing. At least that much of the Sealed Materials should necessarily be disclosed – as well as any accompanying orders of the Court – so that the public can assess the propriety of continued sealing of any materials that remain withheld.

In sum, the bulk of the *Hubbard* factors point toward unsealing – some, lopsidedly so – and no factor points strongly toward continued sealing, in particular the categorical sealing of entire docket entries (and, indeed, the apparent erasure of two entries' existence), as opposed to tailored redactions, if the DOJ can carry its burden of demonstrating that any are justified.

## **CONCLUSION**

For the foregoing reasons, CNN respectfully requests that this Court enter an order:

(a) Unsealing Docket Entries 49, 54, 55, 56, 57, and 58 in *Richman v. United States*, No. 25-mc-170 (D.D.C.), in their entirety; or, in the alternative,

(b) Directing the Government to file proposed redacted versions of the Sealed Materials, limiting any redactions to the narrowest range of information for which a legally cognizable basis for sealing exists, accompanied by a motion to seal as required by Local Civil Rule 5.1(h)(1); and

(c) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of October, 2026.

Frank D. LoMonte [GA 456505]
frank.lomonte@cnn.com
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*

## CERTIFICATE OF SERVICE

I, Frank D. LoMonte, hereby certify that on the 22nd day of October, 2026, a copy of the foregoing was filed electronically using this Court's CM/ECF system, and sent via U.S. Mail to:

John Bailey
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave NW, Ste 3618
Washington, DC 20530

Robert Kennedy McBride
U.S. Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, V A 22314

Stanley Edmund Woodward, Jr.
United States Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Mark Charles Hansen
Kellogg, Hansen, Todd, Figel &
Frederick, PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036

Dated: October 22, 2026

Frank D. LoMonte [GA 456505]
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
frank.lomonte@cnn.com
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*