**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **IN RE APPLICATION OF CABLE NEWS NETWORK, INC. TO UNSEAL COURT RECORDS** | Misc. Action No. 1:26-mc-00152<br>Related Case No. 1:25-mc-00170 |

---

# PETITIONER'S REPLY BRIEF IN SUPPORT OF APPLICATION OF CABLE NEWS NETWORK, INC. TO UNSEAL COURT RECORDS

Frank D. LoMonte [GA 456505]
frank.lomonte@cnn.com
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

ARGUMENT AND CITATION TO AUTHORITY .......... 1

CONCLUSION .......... 5

CERTIFICATE OF SERVICE .......... 6

# TABLE OF AUTHORITIES

## Cases

*Brady v. Maryland*, 373 U.S. 83 (1963) .................... 2

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) .................... 1

*MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017) .................... 3

*Richman v. United States*, No. 25-mc-170 (D.D.C.) .................... 5

*United States v. Comey*, No. 1:26-cr-00229 (D.D.C. Oct. 5, 2026) .................... 2

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) .................... 1

*Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604 (3d Cir. 2018) .................... 1

## Rules

Fed. R. Civ. P. 11 .................... 4

Fed. R. Crim. P. 16 .................... 2

D.D.C. Local Civ. R. 5.1(h) .................... 1

## Other Authorities

Alan Feuer, *Justice Department Mulled Naming The Times as Conspirator in Comey Leak Case*, N.Y. TIMES (Nov. 8, 2026) .................... 3

Holmes Lybrand, *Judge Dismisses Case Against Former FBI Officials Who DOJ Believes Hampered Biden Family Corruption Probe*, CNN (Nov. 2, 2026) .................... 4

J. David McSwane, Pratheek Rebala & Carla Astudillo, *Federal Judges Chastise Trump's Justice Department for "Unlawful," "Unethical" and "Unseemly" Conduct*, PROPUBLICA (July 28, 2026) .................... 4

Amy O'Kruk, Isa Mudannayake, Dejania Olive & Byron Manley, *"Retaliatory," "Misleading," "Unconstitutional": Judges' Criticism Mounts Against Trump Administration*, CNN (June 22, 2026) .................... 4

Hannah Rabinowitz & Katelyn Polantz, *Justice Department Charges Former FBI Director James Comey for Third Time*, CNN (Oct. 7, 2026) .................... 2

Ryan J. Reilly, Tanish Bijur & Fiona Glisson, *Judge Warns DOJ He'd Be "Extremely Frustrated" If It Raids Comey's Home*, NBC NEWS (Oct. 30, 2026) .................... 2

**ARGUMENT AND CITATION TO AUTHORITY**

Already accused of excessively sealing its court filings, the Department of Justice now responds defending that practice with a brief that is itself entirely under seal. The DOJ's ongoing sealing practice flouts the judicial process and exhibits disregard for the public's right to have meaningful oversight of it. And it appears to have been filed without an accompanying motion to seal, in defiance of Local Rule 5.1(h).[1] If the Court does not disregard this "mystery meat" brief in its entirety – and it should[2] – then at minimum the Court should order the DOJ to try again, with a short window of opportunity to file a brief with only (at most) minimal redactions.

Sealing a brief is always disfavored in cases of great public concern, requiring the Court to make on-the-record findings that sealing is necessary to serve a compelling interest and is narrowly tailored to do so. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). But it is especially inapt in this case, because the case depends on application of the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), which put the burden on the proponent of sealing to present facts demonstrating the strength of any asserted privacy interest and the severity of any prejudice that would result from unsealing. Petitioner should not be required to "shadow-box" against invisible facts when the strength of the factual showing is decisive.

---

[1] Local Civil Rule 5.1(h)(1) provides, in pertinent part, that "no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. .... Failure to file a motion to seal will result in the document being placed on the public record." No motion to seal appears on the docket in this matter; hence, the DOJ's brief should be placed on the public record.

[2] "It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).

Assuming that the Government's black-box brief asserts that absolute secrecy in the related *Richman* docket remains necessary to protect an ongoing DOJ investigation of the former FBI director, James Comey, recent events have mooted any such contention: Mr. Comey is – again – facing federal criminal charges, this time alleging that he authorized the leak of a classified document while serving as FBI director. *See United States v. Comey*, No. 1:26-cr-00229, Criminal Information (Oct. 5, 2026 D.D.C.); *see also* Hannah Rabinowitz & Katelyn Polantz, *Justice Department charges former FBI Director James Comey for third time*, CNN (Oct. 7, 2026), https://www.cnn.com/2026/10/26/politics/james-comey-charged.

Now that Mr. Comey is facing prosecution in this Court, he and his counsel will be entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16 to see whatever evidence the prosecution has marshaled – including anything in the *Richman* case files that is to be used against him. If the Government's pursuit of secrecy has been based on avoiding premature disclosure of investigative material pertinent to Mr. Comey – and, again, the public *should* know the basis, but does not – that ship has left the harbor.

Recent events – even those postdating Petitioner's motion – underscore the importance of transparency and public accountability in the *Richman* docket and all "Comey-adjacent" matters. Significant questions have been raised about the legitimacy of the third Comey prosecution, both in procedure – initiated without the benefit of a grand jury indictment – and in substance. Ryan J. Reilly, Tanish Bijur & Fiona Glisson, *Judge warns DOJ he'd be 'extremely frustrated' if it raids Comey's home*, NBC NEWS (Oct. 30, 2026), https://www.nbcnews.com/politics/justice-department/james-comey-team-court-seeking-toss-third-doj-case-longtime-trump-foe-rcna606394. And it has come to light that the DOJ actively considered the extreme and disturbing step of charging *The New York Times* as a co-conspirator in the Comey case, apparently in an effort

to "game" the statute of limitations and breathe life into an otherwise time-barred case. Alan Feuer, *Justice Dept. Mulled Naming The Times as Conspirator in Comey Leak Case*, N.Y. TIMES (Nov. 8, 2026), https://www.nytimes.com/2026/11/08/us/politics/justice-dept-new-york-times-comey-leak.html. These developments make it even more critical that the public have some insight into what is going on in the mysterious *Richman* filings: Nothing is normal about the Comey case, and certainly nothing counsels in favor of *greater* than the normal amount of secrecy.

It bears emphasizing that CNN's petition does not even seek access to the evidence in Mr. Richman's files – which perhaps at one time might have been arguably subject to withholding – but rather, to the DOJ's court filings, including (presumably) motions and citations to authority seeking to invoke the continued authority of this Court, in a seemingly closed matter. And filings made in an effort to persuade a court to act are almost never properly subject to seal – and certainly not in their entirety. *See Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 667-68 (D.C. Cir. 2017) (holding, in dispute over sealing briefs in civil case, that any filing made to affect a court's decisionmaking process is subject to the common-law right of access).

All that Petitioner knows – because this much *is* unsealed – is that the DOJ is arguing in its proposed order for complete denial of the motion to unseal. That is, the DOJ remains insistent that the right amount of unsealing is zero – even of briefs and motions that attempt to persuade the Court to take action. Whatever the proper balance is between transparency and confidentiality in the *Richman* case, zero transparency is the wrong answer.

Petitioner needs to see what the DOJ has filed not just to be able to intelligibly craft a fully responsive reply – though that *would* be helpful – but also to assess whether the filing is compliant with the applicable federal and local rules governing the form and content of briefs, including Federal Rule of Civil Procedure 11. This is regrettably not an abstract concern, since courts across

the country have made findings of bad-faith conduct on the part of DOJ attorneys and imposed sanctions repeatedly over the past two years. *See* J. David McSwane, Pratheek Rebala & Carla Astudillo, *Federal Judges Chastise Trump's Justice Department for "Unlawful," "Unethical" and "Unseemly" Conduct*, PROPUBLICA (July 28, 2026), https://www.propublica.org/article/justice-department-presumption-of-regularity; *see also* Amy O'Kruk, Isa Mudannayake, Dejania Olive & Byron Manley, *'Retaliatory,' 'Misleading,' 'Unconstitutional': Judges' criticism mounts against Trump administration*, CNN (June 22, 2026), https://www.cnn.com/interactive/2026/06/politics/trump-judges-criticism-vis/. In just the past two weeks, yet another federal judge has rebuked the DOJ for "weaponization" of the justice system to bring an ill-founded prosecution against the administration's perceived political enemies. Holmes Lybrand, *Judge dismisses case against former FBI officials who DOJ believes hampered Biden family corruption probe*, CNN (Nov. 2, 2026), https://www.cnn.com/2026/11/02/politics/judge-dismisses-case-fbi-officials-biden-corruption-lying. All this points to the need for especially intense scrutiny and oversight over cases like the *Richman* and *Comey* ones – not a blank check of secrecy.

The fact that the DOJ thinks the public is entitled to no information whatsoever about this proceeding is itself the best argument for disclosure of the *Richman* filings. An agency that would file a 100 percent sealed brief – withholding even the title, headings and subheadings, citations to authority, and so forth – is not an agency whose assertion of the need for secrecy can be trusted at face value.

Finally, it is important to note that the one participant in the *Richman* case who has any arguable privacy interest to protect – Mr. Richman himself – has filed nothing in this docket and

has not indicated any position as to unsealing. If Mr. Richman is neutral as to whether filings *in a case that he initiated* are sealed or unsealed, the Court need not inquire much further.

**CONCLUSION**

For the foregoing reasons, the Court should strike the Government's brief and summarily order all of the relief to which Petitioner is entitled, starting with full unsealing of Docket Entries 49, 54, 55, 56, 57, and 58 in *Richman v. United States*, No. 25-mc-170 (D.D.C.). A proposed order granting this relief is being filed in conjunction with this Reply. In the alternative, the Court should order the DOJ to submit partially redacted versions of Docket Entries 49, 54, 55, 56, 57, and 58 with only legitimately privileged information withheld.

If the Court does not see fit to summarily resolve this matter without consideration of the DOJ's noncompliant brief, then at minimum the Court should order the Department to promptly file a public disclosure version of its brief with only the minimum necessary redactions, so that Petitioner can have the full and fair opportunity to respond to which any party is entitled.

Respectfully submitted, this 13th day of November, 2026.

Frank D. LoMonte [GA 456505]
frank.lomonte@cnn.com
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*

## CERTIFICATE OF SERVICE

I, Frank D. LoMonte, hereby certify that on the 13th day of November, 2026, a copy of the foregoing was filed electronically using this Court's CM/ECF system, and sent via U.S. Mail to:

Matthew Donnelly
DOJ-Crt
950 Pennsylvania Ave., NW
Washington, DC 20530
*Counsel for Respondent United States of America*

Mark Charles Hansen
Kellogg, Hansen, Todd, Figel &
Frederick, PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
*Counsel for Mr. Richman*

Dated: November 13, 2026

Frank D. LoMonte [GA 456505]
Cable News Network, Inc.
1050 Techwood Drive NW
Atlanta, GA 30318
frank.lomonte@cnn.com
Phone: (404) 630-9836
*Counsel for Cable News Network, Inc.*