**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF CABLE NEWS NETWORK, INC. TO UNSEAL COURT RECORDS | Misc. Action No. 1:26-mc-152-CKK |

**UNITED STATES' SUR-REPLY IN OPPOSITION TO CNN'S MOTION TO UNSEAL COURT RECORDS**

This Court should deny CNN's application because the sealed records are grand jury or ancillary grand jury materials that Federal Rule of Criminal Procedure 6(e) shields from disclosure, and both CNN and Mr. Richman have not argued the controlling law is otherwise. CNN's Reply brief, ECF No. 7, does not even attempt to answer or engage with the United States' public opposition brief, ECF No. 5. As the United States publicly explained, the sealed records CNN seeks are grand jury or ancillary grand jury materials protected by Criminal Rule 6(e), and therefore CNN's asserted First Amendment and common law rights of access provide no basis for disclosure. *See generally* U.S. [Public] Opp'n, ECF No. 5. The United States also explained that redaction here is infeasible because the records contain no other substantive information beyond the secret grand jury and ancillary information. *See id.* Thus any redactions here would serve no purpose other than to improperly help CNN use the redactions to try to better speculate as to the substance and direction of the secret grand jury matters. CNN could have addressed each point the United States publicly made regarding the grand jury materials. It chose to address none. Instead, CNN largely speculates about the contents of the sealed submissions, discusses other proceedings, and strangely complains that the United States filed a separate sealed memorandum without authorization—despite this Court's express authorization

to do so. *See* Minute Order (Oct. 29, 2026) ("The parties may file their submissions under seal."); *see also* Local Criminal Rule 6.1 (requiring grand jury related filings be filed under seal). This Court should accordingly deny CNN's application.

The controlling question here is whether disclosure of the requested records would reveal protected grand jury matters. CNN does not engage with the United States' public brief or the D.C. Circuit's recent holding reaffirming that First Amendment and common law access arguments fail for court records ancillary to a grand jury proceeding and subject to Rule 6(e). *See In re United States for an Ord. Pursuant to 18 U.S.C. 2705(b)*, 166 F.4th 173, 178-80 (D.C. Cir. 2026) ("Because these Applications are ancillary to a grand jury proceeding subject to Rule 6(e), [movant's] claims to access under the common law and the First Amendment fail.") (finding the court filings "concern[ed] the protocols for disclosing a grand-jury subpoena" and thus were records "relating to grand-jury proceedings"). Nor does CNN answer the United States' explanation that redacting these particular records would leave no substantive information to disclose. *See, e.g.*, *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998) ("[S]ometimes redaction is simply not possible"); *see also id.* (acknowledging that even "redacted versions of transcripts or other papers" sought by press could "confirm the identity of a person the grand jury had subpoenaed"); *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1066 (D.C. Cir. 1998) ("[E]ven if the [government] redacted the content of communications with members of the press to omit grand jury material, the residual information regarding the identity of the contact and the time such contact was made would give rise to inferences about the substance of 'matters occurring before the grand jury.'"). CNN's general reliance on the general presumption of access to judicial filings, as well as asserted "[r]ecent events," CNN Reply at 2,

ECF No. 7, states nothing about Rule 6(e) and what that Rule requires of grand jury secrecy under D.C. Circuit precedent.

Mr. Richman's Reply Brief, ECF No. 9, confirms that this Court should deny CNN's application. Mr. Richman concedes that "there is no First Amendment right of access to materials protected by Rule 6(e)," which "broad[ly]" protects records "relating to grand jury proceedings." Richman Reply at 5, ECF No. 9. He likewise admits that Rule 6(e) "displace[s]" any common law right of access "to the extent necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." *Id.* at 4 (citation omitted). And Mr. Richman seemingly recognizes that "total sealing" is appropriate where redactions are not "adequate[]" to protect grand jury secrecy. *Id.* In short, Mr. Richman concedes that "sealing may be justified if the Sealed Records are, in fact, subject to Rule 6(e)." *Id.* [1]

Mr. Richman's disagreement thus seemingly concerns only whether these sealed records are actually Rule 6(e) materials. The United States has publicly represented that they are, and has provided the Court with an *ex parte* submission to facilitate the Court's evaluation of that representation without violating Rule 6(e)'s protection over the very matters at issue.

Despite CNN and Mr. Richman's suggestion, the United States' submission of an *ex parte* filing in such circumstances "is by no means novel" or improper. *In re Sealed Case No. 98-3077*, 151 F.3d at 1074. Indeed, there is no other way for the United States to meaningfully litigate such access requests without disclosing the contested materials. As the D.C. Circuit has

---

[1] Mr. Richman cites *In re Grand Jury Subpoenas Nos. [Redacted] & [Redacted]*, 823 F. Supp. 3d 1, 15 (D.D.C. 2026), for the proposition that "'briefs' and 'resulting opinions' in ancillary proceedings 'are presumptively accessible to the public.'" Richman Reply 5-6, ECF No. 9. Not so. As the court explained there, that presumption applies "[i]n ordinary cases." 823 F. Supp. 3d at 15. But "[b]ecause of the need to preserve grand-jury secrecy, . . . records in ancillary proceedings are sealed to the extent that they would reveal previously unknown details of the grand jury's investigation." *Id.*

recognized in an analogous context, "[a]lthough *in camera*, *ex parte* submissions . . . should only be used where a compelling interest exists, . . . the nature of a Rule 6(e)(2) hearing, particularly when conducted during an ongoing grand jury investigation, involves such a compelling interest." *Id.* (citations omitted); *see also id.* at 1073 ("[I]n all reported [6(e)(2)] cases brought to our attention, *in camera* and/or *ex parte* proceedings have been the norm."). The United States' submission of an *ex parte* memorandum here was therefore proper, and this Court should accordingly reject Mr. Richman's suggestion otherwise and CNN's request to "strike the Government's brief and summarily order all of the relief" it requested, CNN Reply at 5.

The balance of Mr. Richman's Reply addresses other irrelevant questions altogether. He discusses the United States' handling of materials in the underlying Rule 41(g) proceedings (at 8-10), the application of the *Hubbard* factors to non-Rule 6(e) materials (at 6), and events surrounding a grand jury subpoena allegedly issued to Mr. Richman in August (at 10-17). Those matters have nothing to do with whether the sealed materials fall within the "ambit" of Rule 6(e) and are therefore—as Mr. Richman has put it— "immune from public access." Richman Reply at 4, ECF No. 9. Nor do public reports about investigations or prosecutions establish that the contents of *these filings* have become public. Neither Mr. Richman nor CNN points to any previous "reliable, credible, and authoritative disclosures of [the] grand jury matters" at issue here. *In re Reps. Comm. for Freedom of the Press*, No. 24-mc-115, 2025 WL 92363, at *4-5 (D.D.C. Jan. 14, 2025). Indeed, Mr. Richman admits that "[w]ithout access to these materials, Professor Richman can only guess at what the Sealed Records are or what basis the government has for sealing them." Richman Reply at 14. And Mr. Richman's discussion of search warrants and materials merely presented to a grand jury similarly does not establish that the records sought *here* can be released.

At bottom, the sealed records are grand jury or ancillary grand jury materials that Federal Rule of Procedure 6(e) shields from disclosure, and both CNN and Mr. Richman have not argued the controlling law is otherwise. Redactions are infeasible because the records contain no other substantive information beyond the secret grand jury and ancillary information. Thus any redactions here would serve no purpose other than to improperly help CNN use the non-substantive residual unredacted portions to try to better speculate as to the substance of the secret grand jury matters. This Court should accordingly deny CNN's application.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
D.C. Bar No. 997320
Associate Attorney General

*/s/ Matthew J. Donnelly*
MATTHEW J. DONNELLY
IL Bar No. 6281308
Attorney
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 616-2788
Email: matthew.donnelly@usdoj.gov

Dated: November 20, 2026